UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

BRANDY L. WILLIAMS )
)
v. ) NO. 2:09-CV-212
) *Greer/Inman*
LINDA L/N/U, ROOKIE INMAN, )
and ESCO JARNIGAN )

## **MEMORANDUM and ORDER**

Proceeding *pro se*, Brandy L. Williams, a prisoner in the Hamblen County Detention Center [hereinafter HCDC] brings this civil rights complaint for damages pursuant to 42 U.S.C. § 1983, [Doc. 3], alleging that she has been denied proper medical care at the HCDC.[1] Plaintiff's contemporaneously-filed application to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**.

Cases filed *in forma pauperis*, such as this one, must be screened under 28 U.S.C. § 1915(e)(2), *see McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), and must be dismissed at any time the Court determines that the case fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune from such relief. If any of these descriptions apply, the case must be dismissed. The Court has determined that, based upon the following law and analysis, plaintiff has failed to state a claim for relief.

In her pleading, plaintiff sets out her claims in their entirety:

"Can get Linda to get proper medical treatment for most inmates.
1) Wrote a personal letter to them about my medical problems have got no response.
2) Turned in a nurse form with 3 medical complaints on it and she choose (sic) to check out and said she couldn't check more then (sic) 1 medical complaint per form

---

[1] Plaintiff has since been released from the HCDC, [Doc. 4, Address Change Notice].

> 3) I turn in another nurse form about having a problem in my privates. She pulled me out and said that the kidney infection test came up negative so she can't do anything else.
> 4) I sit here day in and day out dizzy and light headed and no one will do anything about it.
> My disabilities are as follows:
> Bi-Polar, Panic/Anxiety Attacks, PTSD, Manic Depression, Schizophrenia, OCD, Paranoia, Back Problems, Heart troubles, Stomach troubles.
> My heart condition is not a heart murmur and not heart attacks yet. They can't figure it out yet. My stomach just won't let anything stay down without taking Phenergin (sic).[2] I have asthma. I have severe mood swings and panic attacks and anxiety attacks. I have a fear of people/crowds, which leads me into a panic attack."

Compl. at 3-4.

At the outset, there is a problem in screening claims against the last two named defendants—Rookie Inman, Jail Administrator at the HCDC, and Esco Jarnigan, the Sheriff of Hamblen County, Tennessee. This is so because no contentions of fact have been offered against these individuals and, thus, there are no claims against them which *can* be screened. While a *pro se* plaintiff's pleading must be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court is not obliged to assume that a plaintiff would be able to show facts not alleged or that defendants have violated the law in ways not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996). Nor must the Court conjure up unpleaded facts to save a complaint from dismissal. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).

The burden of pleading facts which, if true, will support a constitutional violation lies with a plaintiff. Plaintiff has not carried that burden and, thereby, has failed to state a claim against these two defendants.

---

[2] Phenergan is "an antihistamine used to treat nausea." *Wyeth v. Levine*, 129 S.Ct. 1187, 1191 (2009).

There are several claims against the remaining defendant, Linda, whose last name is unknown but who occupies the position of Head Nurse at the HCDC. Plaintiff first maintains that "[c]an get Linda to get proper medical care for most inmates." The only way this allegation makes sense is if plaintiff mistakenly omitted the word "not" after the word "can." Under this interpretation, plaintiff is charging that Linda cannot be persuaded by unidentified individuals to afford HCDC inmates appropriate medical care. This claim is also problematic.

Plaintiff may assert her own rights, but she lacks Article III "standing" to assert the rights of other inmates. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (citations omitted). Absent an allegation that failing to address the medical needs of "most inmates" will harm plaintiff personally, this federal court has no jurisdiction over the claim that defendant nurse does not render medical care to most inmates. *Allen v. Wright*, 468 U.S. 737, 751 (1984) (Article III "standing" requires an assertion of personal harm or injury fairly traceable to the alleged unconstitutional conduct and likely to be redressed by the requested relief.).

Plaintiff next claims that she submitted a nurse form containing three medical complaints, but that defendant Linda said that she could check only one complaint per form. Furthermore, in another nurse form, plaintiff complained about her "privates,"[3] only to be told by defendant Linda that she (plaintiff) had tested negative for a kidney infection and that she (Nurse Linda) could not do anything else.

---

[3] The word "privates" is listed as a synonym for "genitalia." *See* online at http://www.websters-online-dictionary.org/definitions/genital?cx=partner-pub-09394507 53529744%3Av0qd01-tdlq&cof=FORID%3A9&ie=UTF-8&q=genital&sa=Search#922W (Internet materials as visited Jan. 27, 2011, and available in Clerk of Court's case file).

3

The Eighth Amendment is violated when prison authorities are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). To prevail on an Eighth Amendment claim, a plaintiff must show a sufficiently serious deprivation, along with a sufficiently culpable state of mind on the part of the official, i.e., deliberate indifference *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has not identified the two maladies set forth in the first nurse form which were not addressed by defendant Linda, and, without this information, the Court has no way to determine whether the unspecified medical complaints amount to "serious medical needs." Thus, because plaintiff has not shown that she suffered a sufficiently serious deprivation, she fails to state a claim for constitutional medical mistreatment as regards those non- described illnesses.

Furthermore, the assertion concerning plaintiff's privates contains information which demonstrates that no constitutional violation occurred. The law is quite clear that where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106.

Here, plaintiff received medical attention for her privates, which the Court will presume, but not actually find, constitutes a serious medical need. By plaintiff's own allegations, a test was performed to determine whether she had developed a kidney infection and the results of the test were negative. It is logical to infer that, as a precondition to being tested for a kidney infection, plaintiff would have had to consult a medical care provider about the problem and the provider would have

4

had to determine that such a test was indicated, and if so, would have had to order the test for plaintiff. And since plaintiff received medical care, as *Estelle* explains, any challenge to the adequacy of treatment is, at best, a medical malpractice claim under state law, not a constitutional tort. *Id.*

Plaintiff further alleges that she is dizzy and light-headed, but that no one will do anything about it. She also contends that she has a heart condition, which has not been diagnosed yet, though a heart murmur and a heart attack have been ruled out as the cause of her heart problems. Plaintiff additionally claims that nothing she ingests stays in her stomach, unless she takes Phenergan (an antihistamine used to treat nausea, *Wyeth v. Levine*, 129 S.Ct. 1187, 1191 (2009)), and that she suffers from asthma, severe mood swings, panic attacks, and anxiety attacks.

Even if the Court assumes that dizziness and lightheadedness present serious medical needs, without some indication from plaintiff that she informed defendant Linda of her symptoms, that defendant disregarded those complaints and failed to take reasonable steps to alleviate those symptoms, there is no basis for finding deliberate indifference on the part of defendant nurse. Given the lack of any contention that defendant knew about plaintiff's symptoms or knew that they posed an excessive risk of harm to her, plaintiff has not made out an Eighth Amendment claim. *Farmer*, 511 U.S. at 837 (finding deliberate indifference where prison official knows facts from which she could draw an inference of the existence of a substantial risk of harm and where she actually draws the inference).

The same analysis applies to plaintiff's assertions that she has asthma, severe mood swings, panic attacks, and anxiety attacks. Plaintiff does not maintain in her pleading that she had an asthma, panic, or anxiety attack while she was confined in the HCDC, that defendant Linda knew

5

of plaintiff's difficulties, or that defendant disregarded plaintiff's physical or psychological distress and failed to administer treatment. Put simply, no facts have been presented to show any deliberate indifference. Constructing a constitutional claim against a defendant requires more than piling one allegation on top of another, as plaintiff has done.

Finally, plaintiff's stomach problem, as she acknowledges, is being treated with medication and, while plaintiff's heart trouble has yet to be definitively diagnosed, it remains that plaintiff is receiving medical care, given that medically-trained personnel have attended to this problem by eliminating certain types of heart ailments, such as a heart murmur or a heart attack, as the cause of her heart trouble. What is more, the lack of a specific diagnosis and questions concerning the adequacy of treatment do not implicate the Eighth Amendment. *See Best v. Lowe's Home Centers, Inc.*, 563 F.3d 171, 180 (6th Cir. 2009) (quoting *Glastetter v. Novartis Pharm. Corp.*, 252 F.3d 986, 989 (8th Cir.2001) ("In performing a differential diagnosis, a physician begins by 'ruling in' all scientifically plausible causes of the plaintiff's injury. The physician then 'rules out' the least plausible causes of injury until the most likely cause remains".) ); *see also Westlake*, 537 F.2d at 860 n.5.

Because plaintiff has failed to state a claim which would entitle her to relief under section 1983, this complaint will be **DISMISSED**. Lastly, should plaintiff file a notice of appeal, the Court **CERTIFIES**, based on the above analysis of law and fact, that any appeal taken from this order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE